IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Timothy P. Vernon, | ) | C. A. No. 2:09-3059-RMG-RSC |
| Plaintiff, | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| Michael J. Astrue, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District. 28 U.S.C. § 636(b).

The plaintiff, Timothy P. Vernon, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff filed an application for disability insurance benefits and supplemental security income benefits in April 2006, alleging that he became unable to work on February 1, 2002, due to cervical stenosis, myelopathy, and hypertension. Plaintiff amended his alleged onset date to June 30, 2005. The

applications were denied initially and on reconsideration by the Social Security Administration. On December 19, 2006, the plaintiff requested a hearing. The administrative law judge before whom the plaintiff appeared with her attorney and vocational expert, Dr. Vincent Hecker (Tr. 17-53, considered the case *de novo*, and February 26, 2009, found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended. (Tr. 10-16). The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on September 18, 2009.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant met the insured status requirements of the Social Security Act through June 30, 2005.
>
> 2. The claimant has not engaged in substantial gainful activity since June 30, 2005, the amended alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: cervical stenosis, myelopathy, and hypertension. (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*). ...
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR
>
> Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926). ...

2

> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that claimant is limited in his ability to engage in tasks requiring climbing and reaching. Further, I find that he is limited to work involving only simple instructions and routine tasks. ...
>
> 6. The claimant is capable of performing some of his past relevant work. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965). ...
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from June 30, 2005, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

Tr. 12-16.

**STANDARD OF REVIEW**

Under the Social Security Act, 42 U.S.C. § 405(g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390 (1971). Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shivey v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The

3

court's scope of review is specific and narrow. It does not conduct a *de novo* review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405(g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (1988). An administrative law judge must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work, and (5) whether the claimant's impairment prevents him from any substantial gainful employment. If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An administrative law judge's factual determinations must be upheld if supported by substantial evidence, and proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

**ISSUES PRESENTED**

The plaintiff asserts that the Commissioner's decision is flawed because:

1. The Commissioner applied an incorrect legal standard by failing to assess the plaintiff's physical capacities function by function;

2. The Commissioner did not properly assess opinion evidence from the treating physician, Dr. Li.

3. The Commissioner's decision does not comply with SSR 96-7p with regard to credibility, and

4. The Commissioner's conclusions concerning functional ability is not supported by substantial evidence.

**APPLICABLE LAW**

SSR 96-7p clarifies when the evaluation of symptoms, including pain, under 20 CFR 404.1529 and 416.929 requires a finding about the credibility of an individual's statements about pain or other symptom(s) and its functional effects, explains the factors to be considered in assessing the credibility of the individual's statements about symptoms, and states the importance of explaining the reasons for the specific finding about the credibility of the individual's statements in the disability determination or decision. The regulations describe a two-step process for evaluating symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness. First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment(s)--i.e., an impairment(s) that can

5

be shown by medically acceptable clinical and laboratory diagnostic techniques--that could reasonably be expected to produce the individual's pain or other symptoms. Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities.

SSR 96-8 states the Social Security Administration's policies regarding the assessment of residual functional capacity. It emphasizes:

    1. Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule.

    2. The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms. Age and body habitus are not factors in assessing RFC. It is incorrect to find that an individual has limitations beyond those caused by his or her medically determinable impairment(s) and any related symptoms, due to such factors as age and natural body build, and the activities the individual was accustomed to doing in his or her previous work.

    3. When there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity.

4. The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

5. RFC is not the least an individual can do despite his or her limitations or restrictions, but the most.

6. Medical impairments and symptoms, including pain, are not intrinsically exertional or nonexertional. It is the functional limitations or restrictions caused by medical impairments and their related symptoms that are categorized as exertional or nonexertional

## **DISCUSSION**

The Commissioner in this instance has failed ot follow the dictates of Social Security Ruling 96-8p and thus the decision herein should be reversed and this matter remanded to the Commissioner.

SSR 96-8p states the Social Security Administration's policies and policy interpretations regarding the assessment of residual functional capacity (RFC) and requires that the administrative law judge provide a rationale for his decision which idicates the evidence considered and citing specific facts. In specific it provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day,

7

for 5 days a week, or an equivalent work
schedule)[7], and describe the maximum amount of
each work-related activity the individual can
perform based on the evidence available in the
case record. The adjudicator must also explain how
any material inconsistencies or ambiguities in the
evidence in the case record were considered and
resolved.

Symptoms. In all cases in which symptoms, such as
pain, are alleged, the RFC assessment must:

- Contain a thorough discussion and analysis of
  the objective medical and other evidence,
  including the individual's complaints of pain
  and other symptoms and the adjudicator's
  personal observations, if appropriate;
- Include a resolution of any inconsistencies
  in the evidence as a whole; and
- Set forth a logical explanation of the
  effects of the symptoms, including pain, on
  the individual's ability to work.

The RFC assessment must include a discussion of
why reported symptom-related functional
limitations and restrictions can or cannot
reasonably be accepted as consistent with the
medical and other evidence. In instances in which
the adjudicator has observed the individual, he or
she is not free to accept or reject that
individual's complaints solely on the basis of
such personal observations.

SSR 96-8p.

In the decision before the court, the administrative law judge provided an outline of the facts, a reference to the law and conclusions, but no rationale. For example, the administrative law judge concluded the plaintiff's testimony was inconsistent concerning sensation impairments, but relates that finding in no way to the residual functional capacity. He dismissed medical opinions as "too rigid," and accepted "the

overall tenor" of other medical evidence. However there was no relationship drawn to functional limitation. The administrative law judge's discussion of residual functional capacity ends as follows:

> "In sum, the above residual capacity assessment is supported by the objective medical evidence of record. My finding that claimant is capable of less than the full range of light work is supported by the longitudinal record established by New Horizons and Greenville Memorial Hospital. These two sources were most familiar with claimant's condition throughout the alleged period of disability. Their records were the most consistent and were well supported by objective evidence." (Tr. 15).

This conclusory opinion is not backed up by a rationale consistent with SSR 96-8p. In fact there is no discussion in the entire opinion about the plaintiff's functional capacity to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), or a description of the maximum amount of each work-related activity (i.e., lift, carry, sit, stand at one time or over a work day) that the plaintiff can perform based on the evidence available in the case record.

This inadequacy in the evaluation of the plaintiff's residual functional capacity is reflective of the deficiencies of the administrative law judge's opinion at large. The opinion is formulaic and lacks the administrative law judge's deliberative process. While the record reflects a recitation of the evidence,

a proper citation of the law, random comments concerning some evidence, and a conclusory statement, it no where provides an adequate rationale. There is no explanation from which a party or a reviewing court can determine how the evidence was weighed or the law applied. There is nothing here from which a court can determine what the Commissioner's subsidiary findings were, or how they were made, much less determine if the opinion is supported by substantial evidence.

## CONCLUSION

Accordingly, for the aforementioned reasons it is recommended that, pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), the court reverse the Commissioner's decision under sentence four of 42 U.S.C. §§405(g) and 1383(c)(3), and remand the case to the Commissioner to take appropriate action to provide an appropriate evaluation of the plaintiff's claim to benefits. See, Melkonyan v. Sullivan, 111 S.Ct. 2157 (1991).

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

November 18, 2010